CA 08-173 JJF

BLDG 18 Upper D-1

## Offender Status Sheet

**Date:** 10/24/2007

**SBI #:** 00449406 **Name:** JOSHUA C STEPHENSON **Sex:** M

**Location(s):** DCC **Level(s):** 0 **Race:** BLACK **DOB:** 03/14/1985 **Sex Offender:** []

**AKA:** JOSHUA STEVENSON, JOSHUA STEPHENSON

**Offender Type:** Detentioner **Officer(s):**

### Detentioner Charge(s)

| Start Date | CASE# | CRA# | Description | Active | Court | Judge | Bail Amount |
|---|---|---|---|---|---|---|---|
| 08/15/2007 | 0708018465 | 0708018465 | Assault in a Detention Facility with Serious I | Y | J2 | Unknown Unknown | $25,000.00 |
| 08/15/2007 | 0708018465 | 0708018465 | Assault Second Degree Intentional Injury to | Y | J2 | Unknown Unknown | $5,000.00 |
| 03/19/2007 | 0612010374 | 0612010374 | Terroristic Threatening Threat Commit Crim | Y | SCNC | Unknown Unknown | $2,000.00 |
| cm / secured | | | | | | | |
| 03/19/2007 | 0612010374 | 0612010374 | Terroristic Threatening Threat Commit Crim | Y | SCNC | Unknown Unknown | $2,000.00 |
| cm / secured | | | | | | | |
| 03/19/2007 | 0612010374 | 0612010374 | Resisting Arrest | Y | SCNC | Unknown Unknown | $500.00 |
| cm / secured | | | | | | | |

False Imprisionment. Check The (Criminal Time Frame Procedures) and Statues of limmin-tations; 48Ab(I), etc.

The other you said relates to inadiqutte medical service?



FILED

APR 15 2008

U.S. DISTRICT COURT DISTRICT OF DELAWARE

CA 08-173 JJF April05,08

I Mr Thomas Eubanks and my wife, Mrs. Edin Eubanks has discuss the charges against our grandson (Joshua Stepenson) ,AND HAVE DECIDED TO NOT PRESS ANY CHARGES AGAINST HIM.We are not going to court any more on this matter.We are not seeking any Restitution of any kind. We refuse to keep attending the courts and would like to request not to be summons any longer at this point.It has been over a Year and We are no longer able to handle this case.Or want to pursue this matter any longer.Myself and my wife dont think this case should go on any longer.We Requsted that the charges be dropped at this point. Along with medical issues we are Enable ,to continue to Appear in these courts any more.SO please consider our written requst notice.

Thank You,

MESA MONEE BARRETT
Notary Public
State of Delaware
My Commission Expires on Feb 27, 2010

Mr Thomas Eubanks

Thomas Eubanks

Mesa Monee Barrett

MESA MONEE BARRETT
Notary Public
State of Delaware
My Commission Expires on Feb 27, 2010

(b) *By court.* If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer in Superior Court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint. (Adopted, effective Feb. 12, 1953; revised, effective Jan. 1, 1992.)

**After filing nolle prosequi, the Attorney General may prosecute in another court.** — Where informations were filed against the defendants in Court which were nolle prossed, the filing did not prevent the Attorney General from prosecuting the defendants in a court which has concurrent jurisdiction. State v. Dennington, 51 Del. 322, 145 A.2d 80 (1958).

**Re-indictment after nolle prosequi does not violate double jeopardy** — This rule and Del. C. § 207 provide that the State may re-indict and prosecute a defendant for the same offense where a nolle prosequi has been entered on those charges. State v. Wilmer, — A.2d — (Del. Super. Ct. Feb. 28, 2003), aff'd, 827 A.2d 30 (Del. 2003).

**Without consent of defendant and without justifying.** — The State, having brought and later nolle prossed a criminal charge in 1 court, may thereafter prosecute the same defendant upon the same charge in another court of concurrent jurisdiction without the consent of the defendant and without disclosing any reason for so doing. State v. Dennington, 51 Del. 322, 145 A.2d 80 (1958).

**But court may prevent this if it results in harassment.** — Where the Attorney General is allowed to bring and enter a nolle prosequi on a criminal charge in 1 court and then prosecute the same defendant upon the same charge in another court, if the Attorney General's actions should result in harassment, the courts are not powerless to put a stop to such harassment. State v. Dennington, 51 Del. 322, 145 A.2d 80 (1958).

**Purpose of paragraph (b).** — While paragraph (b) of this rule is an implementation of the right of an accused to a speedy trial, the provision serves a broader purpose and is not coextensive with constitutional limitations under the Sixth Amendment. State v. Morris, 340 A.2d 846 (Del. Super. Ct.), aff'd, 349 A.2d 748 (Del. 1975).

**Double jeopardy.** — Trial court dismissed defendant's postconviction relief motion; U.S. Const., amend. V and Del. Const., art. I, § 8 double jeopardy did not attach before his guilty plea when trial court thought victim was not in court, dismissed charges under subsection (b) of this rule, discovered mistake that victim was in court, and then reinstituted charges within a week. State v. Scott, — A.2d — (Del. Super. Ct. Jan. 2, 2003).



**Right to a speedy trial.** — Subsection (b)'s standards for relief are not coextensive with the constitutional limitations of the Sixth Amendment. The rule serves a broader purpose and is not governed by established concepts of the Sixth Amendment speedy trial clause. Hughey v. State, 522 A.2d 335 (Del. 1987).

**Court may dismiss indictment for unnecessary delay.** — The Court, under subdivision (b) of this Rule, may in its discretion dismiss an indictment if there is unnecessary delay in bringing the defendant to trial. State v. Fischer, 269 A.2d 244 (Del. Super. Ct. 1970), aff'd, 285 A.2d 417 (Del. 1971); State v. Budd Metal Co., 447 A.2d 1186 (Del. 1982).

The Court may dismiss an indictment if there is unnecessary delay in bringing a defendant to trial. State v. Glaindez, 346 A.2d 156 (Del. 1975).

When delays are caused by the State due to a situation within its control, there is no abuse of judicial discretion in dismissing the charges. State v. Johnson, 564 A.2d 364 (Del. Super. Ct. 1989).

Where there was a five month delay in bringing an indictment against the defendant, the issue of actual prejudice to the defendant did not need to be resolved due to the egregious nature of the delay. State v. Willis, — A.2d — (Del. Super. Ct. Apr. 24, 2001).

**Re-indictment not dismissed.** — Trial court denied defendant's motion to dismiss his re-indictment on more serious sex charges after first trial was declared mistrial; young babysitter alleged victim gradually revealed more sex activity as she became more at ease with State's prosecutors; State rebutted presumption of vindictive re-indictment under a "middle" view that recognized a presumption of vindictiveness but allowed the State to rebut the presumption with evidence of an appropriate, non-vindictive justification for the increased charges; that view endorsed a test balancing defendant's due process rights against the State's right to seek re-indictment on more serious charges where the motive was not vindictive or retaliatory; the objective test was whether a reasonable person would think a realistic likelihood of vindictiveness existed. State v. Moran, 820 A.2d 381 (Del. Super. Ct. 2002).

**Subdivision (b) codifies the court's inherent power.** — Subdivision (b) of this Rule is a codification of the inherent power of the court to dismiss a case for want of prosecution. State v. Fischer, 285 A.2d 417 (Del. 1971).

Subdivision (b) codifies the Superior Court's inherent power to dismiss a case for want of prosecution. The power is discretionary, and while the purpose of the rule is to implement an accused's right to a speedy trial, the provision serves a broader purpose, is not co-extensive with constitutional limitations under the Sixth Amendment, and is not governed by the established concepts of the speedy trial clause. State

v. Korotki, 418 A.2d 1008 (Del. Super. Ct. 1980).

**Which is discretionary.** — The Superior Court's power under subdivision (b) of this Rule is a discretionary one, not governed by established concepts of the speedy trial clause of the Sixth Amendment. State v. Fischer, 285 A.2d 417 (Del. 1971).

**Factors which bear consideration in determining whether speedy trial protection has been violated** are length of delay, reason for the delay, defendant's assertion of right and prejudice to the defendant. State v. Sheeran, 441 A.2d 235 (Del. Super. Ct. 1981), cert. denied, 497 A.2d 791 (Del. 1985).

Some types of prejudice may be sufficient to move the exercise of the court's discretion under paragraph (b) of this rule: the unexplained commencement of a new prosecution long after a dismissal by the State of the same charge in another court; the anxieties suffered by a defendant as the result of delay and uncertainty in duplicative prosecutions against him; the notoriety suffered by a defendant and his family as the result of repeated commencement of prosecutions for the same offense; the expenses, legal and otherwise, attendant upon a subsequent renewal in another court of a dismissed prosecution. State v. Johnson, 564 A.2d 364 (Del. Super. Ct. 1989).

For a criminal indictment to be dismissed under this rule for "unnecessary delay," the delay, unless extraordinary, must first be attributable to the prosecution, and second, must have had "a prejudicial effect upon defendant" beyond that normally associated with a criminal justice system strained by a burgeoning case load. State v. McElroy, 561 A.2d 154 (Del. 1989).

Should court-induced repetitive trial continuances cause significant prejudice through the loss or disappearance of witnesses or evidence, or for other reasons, remedial relief should be available under paragraph (b) of this rule, if not under the Sixth Amendment. State v. McElroy, 561 A.2d 154 (Del. 1989).

Two conditions precedent for dismissal under paragraph (b) of this rule are that the unnecessary delay must be attributable to the state, as prosecutor, and it must work some definable or measurable prejudice to the defendant. State v. Harris, 616 A.2d 288 (Del. 1992).

**No prejudice shown.** — Defendant was not denied the right to a speedy trial where defendant was incarcerated for two-and-a-half years prior to trial, as the record clearly showed that defendant suffered no prejudice to defendant's defense as a result of the delay, and defendant could not point to any specific harm that defendant suffered as a result of the delay; with no prejudice shown, there was no abuse of discretion in the trial judge's failure to dismiss the charges sua sponte, under subsection (b) of this rule. Vanlier v. State, 813 A.2d 1142 (Del. 2002).

Trial court properly denied defendants' motion to dismiss an indictment against them pursuant to Del. Super. Ct. Crim. R. 48(b), based on charges stemming from alleged financial misconduct of a disabled person's money, where the delay was significant in filing the charges, but defendants did not meet their burden of showing that they had suffered prejudice; there was no unavailability of witnesses or loss of exculpatory evidence, the delay was not found to have been purposeful by the State, there was sufficient evidence to support the charges, and the court noted that if the disabled person testified at trial that defendants had misappropriated her funds. then any past exculpatory statements made by her could be introduced under 11 Del. C. §§ 3507 or 3516, or if they were exculpatory hearsay statements, they could be admitted under Del. R. Evid. 807. State v. Baker, — A.2d — (Del. Super. Ct. Aug. 29, 2003).

**Showing of prejudice not prerequisite to dismissal of indictment for unnecessary delay.** — A showing of prejudice in the traditional sense is not required before a trial court may dismiss an indictment for unnecessary delay in bringing the defendant to trial. State v. Budd Metal Co., 447 A.2d 1186 (Del. 1982).

**Existence of prior federal prosecution** should not determine whether a subsequent state prosecution has violated speedy trial principles. State v. Sheeran, 441 A.2d 235 (Del. Super. Ct. 1981), cert. denied, 497 A.2d 791 (Del. 1985).

**Failure to assert right to speedy trial waives such right.** — Right to a speedy trial may be waived by the failure of a person arrested to assert his right at the proper time. Kominski v. State, 51 Del. 163, 141 A.2d 138, cert. denied, 358 U.S. 850, 79 S. Ct. 80, 3 L. Ed. 2d 86 (1958), aff'd, 154 A.2d 691 (Del. 1959).

Defendant was not entitled to the dismissal of violation of probation charges due to unnecessary delay; less than half of the six-month delay between the charges and the hearing was attributable to the prosecution, a fact on which defendant failed to show prejudice. Clark v. State, 794 A.2d 1160 (Del. 2002).

**Thus defendant must object to continuances requested by codefendant.** — Where the defendant's codefendant asked for one continuance and another continuance was granted for undetermined reasons, if the defendant wanted a speedy trial, he was under a duty to take some affirmative action when he became apprised of the fact that his case was to be continued. Kominski v. State, 51 Del. 163, 141 A.2d 138, cert. denied, 358 U.S. 850, 79 S. Ct. 80, 3 L. Ed. 2d 86 (1958), aff'd, 154 A.2d 691 (Del. 1959).

**Or by State.** — If the defendant wishes to take advantage of the right to a speedy trial, he must claim it before the court, and he cannot sit idly by and without objecting allow the State to continue his case from time to time and then assert that he was deprived of a constitutional right which he has made no effort to claim or to avail himself of. Kominski v. State, 51 Del. 163, 141 A.2d 138, cert. denied, 358 U.S. 850, 79 S. Ct. 80, 3 L. Ed. 2d 86 (1958), aff'd, 154 A.2d 691 (Del. 1959).

**Delay attributable to state.** — The failure to produce witnesses necessary for the proceedings is normally a delay attributable to the state, as prosecutor. State v. Harris, 616 A.2d 288 (Del. 1992).

**Delay in public interest is reasonable.** — When the public interest is best served without the defendants' constitutional rights being thereby violated, the delay in prosecution from the May until the September term of the Superior Court does not warrant dismissal of their indictments. State v. Walker, 48 Del. 190, 100 A.2d 413 (1953).

**Actions of State and defendant will be considered.** — In determining whether or not a defendant has waived his right to a speedy trial, not only the actions of the State must be considered but the actions of the defendant as well. Kominski v. State, 51 Del. 163, 141 A.2d 138, cert. denied, 358 U.S. 850, 79 S. Ct. 80, 3 L. Ed. 2d 86 (1958), aff'd, 154 A.2d 691 (Del. 1959).

Where petitioner's U.S. Const. amend. VI, speedy trial claim was based upon the entire 14-month delay between his arrest and trial, and where petitioner had exhausted his state remedies, petitioner's request for a continuance contributed to the court's finding in a federal habeas corpus hearing that the violation did not rise to a level of constitutional significance. Ward v. Snyder, 838 F. Supp. 874 (D. Del. 1993).

Court refused to dismiss drug indictment against defendant where the prosecutor's failure to turn over to defense counsel the tape recording of defendant's statement to police resulted in a mistrial because both the prosecutor and defense counsel failed to note that the police report stated that the statement was recorded, therefore the delay was not solely attributed to the prosecutor, and because defendant failed to establish the requisite prejudice. State v. Lewis, — A.2d — (Del. Super. Ct. June 17, 2002).

**Last-minute filing of appeal by State.** — Although filed "at the last minute," where the State has filed its appeal within the period mandated by the Court, appellees cannot contend that the timely filing of an appeal constituted "unnecessary delay", and a motion to dismiss under paragraph (b) of this rule must be denied. State v. Holden, 429 A.2d 1321 (Del. Super. Ct. 1981).

**For right to a speedy trial is a relative thing;** it depends upon circumstances, and, at times, may be consistent with delay. Kominski v. State, 51 Del. 163, 141 A.2d 138, cert. denied, 358 U.S. 850, 79 S. Ct. 80, 3 L. Ed. 2d 86 (1958), aff'd, 154 A.2d 691 (Del. 1959).

**Thus time taken by court to decide defendant's motions not attributable to prosecution.** — Where the court took 4 months to decide that the defendant's motion to dismiss an indictment for a defect should be granted, which resulted in the defendant's being held into the next term, the time consumed by the court in the consideration and disposition of the motion was not chargeable to the prosecution. Latson v. State, 51 Del. 377, 146 A.2d 597 (1958).

**And period between a dismissal and reindictment not chargeable to State.** — In a case of dismissal of an indictment, the statutory period within which a prisoner must be brought to trial is not chargeable to the State and begins to run again only with recommitment or reindictment. Latson v. State, 51 Del. 377, 146 A.2d 597 (1958).

**Delay caused by defendant's motions not attributable to State.** — Delay attributable to motions filed by the defendant is, at least in the absence of special circumstances, not chargeable to the prosecution. Latson v. State, 51 Del. 377, 146 A.2d 597 (1958).

**Dismissal may be granted when prosecution gives impression of unfair manipulation of process.** — A conscious prosecution choice which gives the impression of unfair manipulation of the criminal process may be grounds for dismissal pursuant to this Rule. State v. Fischer, 269 A.2d 244 (Del. Super. Ct. 1970), aff'd, 285 A.2d 417 (Del. 1971).

Supreme court affirmed a judgment dismissing traffic charges reinstituted in superior court, after misplaced charging documents were found, without notice to defendant, and stated that absent compelling circumstances (once the State engaged in prosecution in a court of competent jurisdiction) it was prohibited from pursuing that prosecution to its ultimate conclusion in any other forum. State v. Pruitt, 805 A.2d 177 (Del. 2001).

**Defendant must be notified that new prosecution may be commenced.** — When a case in a lower court is nolle prossed by the Attorney General with intent to seek an indictment and prosecution in the Superior Court later, fairness requires that the defendant be notified by the Attorney General that the prosecution still lives. This would be no burden upon the State and much of the opprobrium to the defendant that follows the unexplained commencement of a new prosecution, often long after the dismissal of an earlier charge, might be eliminated. State v. Hoffstein, 315 A.2d 594 (Del. 1974).

**Subdivision (b) is proper means of controlling "transfers" from lower courts.** — The long-standing practice of transferring cases from a lower court, by voluntarily dismissing in a lower court and commencing new prosecutions on the same charges in a higher court, has been the subject of repeated judicial criticism. Subdivision (b) of this Rule is a proper means of intervention and control by the Superior Court over such transfers. State v. Fischer, 285 A.2d 417 (Del. 1971).

**Delay caused by nonavailability of judge.** — Court lacked authority under this rule to dismiss a criminal information on a finding of "unnecessary delay" solely attributable to the lack of an available trial judge and not to prosecutorial delay. State v. McElroy, 561 A.2d 154 (Del 1989).

**Dismissal for unnecessary delay is presumed to be with prejudice.** — An order of dismissal under subdivision (b) of this Rule, for unnecessary delay in bringing the defendant to trial, may be entered "with prejudice" and shall be presumed to be so entered unless otherwise stated by the judge in the order or elsewhere on the record. State v. Fischer, 285 A.2d 417 (Del. 1971).

## Rule 49. Service and filing of papers.

(a) *Service: When required.* Written motions other than those which are heard ex parte, written notices, designations of record on appeal and similar papers shall be served upon each of the parties.

(b) *Service: How made.* Whenever under these rules or by an order of the court service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party personally is ordered by the court. Service upon the attorney or upon a party shall be made in the manner provided in civil actions.

(c) *Notice of orders.* Immediately upon the entry of an order made on a written motion subsequent to arraignment the prothonotary shall notify each party thereof and shall make a note in the docket of the notice. Lack of notice of the entry by the prothonotary does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed.

(d) *Filing.* Papers required to be served shall be filed with the court, except as provided in Rule 16(d)(4). Papers shall be filed in the manner provided in civil actions. (Adopted, effective Feb. 12, 1953; amended, effective Jan. 1, 1955; June 1, 1969; Mar. 1, 1983; Jan. 2, 1985; revised, effective Jan. 1, 1992.)

**Cross references.** — As to time for taking appeal to Supreme Court, see Criminal Rule 37 of the Superior Court.

As to time for taking appeal to Superior Court, see Criminal Rule 39 of the Superior Court.

As to prohibition against enlargement of time for taking appeal, see Criminal Rule 45(b) of the Superior Court.

As to service of notice of motion and affidavits, see Criminal Rule 45(d) of the Superior Court.

As to affidavits supporting motions, see Criminal Rule 47 of the Superior Court.

As to application for order by motion, see Criminal Rule 47 of the Superior Court.

**Writ of mandamus not needed.** — Where neither affidavit nor response was served upon petitioner, as is required by this rule, a writ of mandamus seeking to compel the Superior Court to act on the postconviction motion was unnecessary as the court had already responded to the service problem by providing petitioner with copies of the submissions. In re Jones, 768 A.2d 469 (Del. 2000).

## Rule 50. Calendars; plans for prompt disposition.

(a) *Calendars.* The court may provide for placing criminal proceedings upon appropriate calendars. Preference shall be given to criminal proceedings as far as practicable.

(b) *Plans for achieving prompt disposition of criminal cases.* To minimize undue delay and to further the prompt disposition of criminal cases, the court shall conduct a continuing study of the administration of criminal justice and shall prepare plans for the prompt disposition of criminal cases. (Adopted, effective Feb. 12, 1953; amended, effective Sept. 9, 1957; Mar. 31, 1982; revised, effective Jan. 1, 1992.)

## Rule 51. Exceptions unnecessary.

Exceptions to rulings or orders of the court are unnecessary and for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which that party desires the court to take

As to secrecy of grand jury indictment until bail is granted, see Criminal Rule 6(e) of the Superior Court.

As to endorsement on warrant of amount of bail fixed by court, see Criminal Rule 9(b)(1) of the Superior Court.

As to officer executing warrant to promptly bring arrested person before magistrate for admission to bail, see Criminal Rule 9(c)(1) of the Superior Court.

As to continuation of bail pending filing of new indictment or information, see Criminal Rule 12(h) of the Superior Court.

As to taking deposition when witness is committed for failure to give bail and cannot appear to testify at a trial or hearing, see Criminal Rule 15(a) of the Superior Court.

As to transmission of bail upon transfer of proceedings, see Criminal Rule 21(c) of the Superior Court.

As to admission to bail for criminal contempt, see Criminal Rule 42(b) of the Superior Court.

**The accused has a clear right to bail,** if he can get a bondsman. State v. Mitchell, 59 Del. 11, 212 A.2d 873 (1965).

**Due process.** — Because 11 Del. C. § 2116(b)(1) created an irrebuttable presumption based solely upon an arrest and precluded judicial consideration of other factors or evidence, it violated defendant's due process rights. State v. Miller, — A.2d — (Del. Super. Ct. Feb. 19, 2003).

**Default because of foreign imprisonment does not exonerate sureties.** — Imprisonment of the defendant in a foreign jurisdiction did not exonerate the sureties from liability at the time of default where it appeared that the principal was incarcerated in said foreign jurisdiction at the time the principal was scheduled to appear in Delaware for prior offenses committed before or after they became sureties. State v. Mitchell, 59 Del 11, 212 A.2d 873 (1965).

**General contract rules apply to bail undertakings.** — General rules of construction of contracts are applicable to suretyship undertakings, starting with the fundamental nature of a bail undertaking — that it is a suretyship contract; it is clear that contract construction is applicable to bail. State v. Mitchell, 59 Del. 11, 212 A.2d 873 (1965).

**Thus court must declare, but need not enforce, forfeiture if condition is breached.** — The Court is given no discretion in whether or not to declare a forfeiture of the bail of a defendant if the defendant failed to appear because he was in jail in a foreign jurisdiction, because the Rule demands forfeiture for breach of condition. If court then desires, it may not enforce forfeiture. State v. Mitchell, 59 Del. 11, 212 A.2d 873 (1965).

**Comparison to similar federal rule.** — This Rule and Del. Super. Ct. Crim. R. 32 differ in language and possibly meaning from the comparable Federal Criminal Rules. Under the federal rules, bail following conviction, whether pending sentence or appeal, is not a matter of right. State v. Mitchell, 59 Del. 11, 212 A.2d 873 (1965).

### Rule 47. Motions; pro se applications.

An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth the relief or order sought. It may be supported by affidavit. The court will not consider pro se applications by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in the defense. (Adopted, effective Feb. 12, 1953; revised, effective Jan. 1, 1992.)

**New trial denied, no preservation of error.** — Defendant's motion for a new trial, filed without supporting affidavits, was denied where defendant failed to preserve a claim of error regarding the alleged prejudicial layout of the courtroom, where the closeness of the jurors to the prosecution table was apparent to everyone; the interests of justice did not require a new trial, as the issue was raised, for first time, in a post-trial motion for a new trial, and there was no evidence that any juror saw anything improper. State v. Ruiz, — A.2d — (Del. Super. Ct. June 4, 2002), aff'd, 820 A.2d 372 (Del. 2003).

### Rule 48. Dismissal.

(a) *By attorney general.* The attorney general may without leave of the court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant or after conviction without leave of the court.

JOSHUA CASE
1901 N DuPor
New Castle, DE 19702
JEM




Clerck (Surpeme Court)
844 N. King Street
Wilmington, DE 19801

