IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSHUA STEPHENSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : Civil Action No. 08-173-JJF |
| | : |
| THOMAS EUBANKS, ENID EUBANKS, | : |
| WILMINGTON POLICE DEPARTMENT, | : |
| AUDREY EUBANKS, CORRECTIONAL | : |
| MEDICAL SERVICES, and HOWARD | : |
| R. YOUNG CORRECTIONAL | : |
| FACILITY, | : |
| | : |
| Defendants. | : |

Joshua Stephenson, Pro se Plaintiff. Delaware Psychiatric Center, New Castle, Delaware

**MEMORANDUM OPINION**

July 1, 2008
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Joshua Stephenson ("Plaintiff"), currently a patient at the Delaware Psychiatric Center, New Castle, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 8.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint as to the allegations against the Wilmington Police Department and Correctional Medical Services.

I. **BACKGROUND**

While not clear, it appears that Plaintiff was arrested and then transferred to the Delaware Psychiatric Center. Plaintiff alleges false imprisonment, unnecessary delay of indictment, double-jeopardy, entrapment, police brutality, excessive force, official misconduct, negligence, abuse, mistreatment, neglect, inadequate medical service, involuntary imprisonment, cruel and unusual punishment, and breach of contract on dismissal of patient rights handbook.

Since the filing of the original Complaint, Plaintiff has filed several amendments and supporting exhibits. (D.I. 5, 6, 9, 10, 11, 16.) On May 2, 2008, Plaintiff filed a document docketed

as a Motion To Amend/Correct which the Court construes as a Motion To Voluntarily Dismiss the claims against Thomas, Enid, and Audrey Eubanks.  (D.I. 18.)

## II. STANDARD OF REVIEW

When a litigant proceeds <u>in forma pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  <u>Fullman v. Pennsylvania Dep't of Corr.</u>, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. <u>Erickson v. Pardus</u>, -U.S.-, 127 S.Ct. 2197, 2200 (2007).  A complaint must contain "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.  A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citations omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).  Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.  Id. (citing Twombly, 127 S.Ct. at 1965 n.3).  Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element."  Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3).  "This 'does not impose a probability requirement at the pleading stage,' but

4

instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

#### A. Deficient Pleading

The Complaint does not contain a cognizable claim for relief. Rather, it consists of labels and conclusions without supporting facts. Moreover, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir.1978)). The Complaint and amendments fail to apprise the reader which Defendant committed the alleged acts, or when or where the alleged acts occurred.

For this reason alone, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915e(2)(b) and § 1915A(b)(1).

**B. Eleventh Amendment Immunity**

The Howard R. Young Correctional Facility ("HRYCI") falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. See <u>Green v. Howard R. Young Corr. Inst.</u>, 229 F.R.D. 99, 102 (D. Del. 2005). Hence, Plaintiff's claims for monetary damages are barred by the State's Eleventh Amendment immunity. See <u>MCI Telecom. Corp. v. Bell Atl. of Pa.</u>, 271 F.3d 491, 503 (3d Cir. 2001).

The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. <u>Brooks-McCollum v. Delaware</u>, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted). Moreover, there is no mention of the HRYCI, other than to name it in the caption of the Complaint. Consequently, Plaintiff's claim against the HRYCI has no arguable basis in law or in fact and, therefore, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**C. Voluntary Dismissal**

Plaintiff moves to voluntarily dismiss Defendants Thomas

Eubanks, Enid Eubanks, and Audrey Eubanks. (D.I. 18) The Court will grant the Motion To Voluntarily Dismiss these Defendants pursuant to Fed. R. Civ. P. 41(a).

### IV.   CONCLUSION

For the above reasons, the Complaint and its Amendments will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to file an Amended Complaint only as to his claims against the Wilmington Police Department and Correctional Medial Services. An appropriate Order will be entered.